## J. L. COLLINS, Appellant, v. A. E. WILSON, Defendant, THE NORTHERN FRATERNAL ASSURANCE ASSOCIATION, Garnishee.

**Appeal: CERTIFICATE AS TO EVIDENCE ABSTRACTED.** A certificate by the clerk of the court upon the abstract, that the printed abstract on appeal, contains an abstract of all the evidence introduced in the case, as shown by the transcript made by the official reporter, is insufficient to show that the record, on appeal, contains all the evidence.

**ASSIGNMENT OF ERROR ON EVIDENCE.** An assignment of error which presents a question as to the correctness of a ruling based upon evidence, will not be considered, where it does not appear that all the evidence is contained in the record.

*Appeal from Louisa District Court.--*HON.·A. R. DEWEY, Judge.

WEDNESDAY, OCTOBER 28, 1896.

THE defendant, Annie E. Wilson, is a judgment debtor of the plaintiff. Her husband died, having a beneficiary certificate in the association garnished. The association answered that one thousand five hundred dollars were due from it to the defendant. It appears from the abstract that notice was served on the defendant to show cause why the money due on the certificate should not be appropriated to the payment of plaintiff's judgment, and she answered, averring that the proceeds of the certificate were exempt from execution, because of different facts. Issue was taken on the answer by reply, and there was a stipulation as to some facts, and evidence taken as to others. At the conclusion the court discharged the garnishee, from which order the plaintiff appealed, —*Affirmed.*

*L. A. Reiley* for appellant.

*J. L. Carney* and *C. A. Carpenter* for appellees.

GRANGER, J.—The case is before us on an assignment of errors. Appellee urges that it does not appear that there was an appeal, nor that the evidence is before us so that the assignments can be considered. As to the appeal, we think the showing sufficient. Evidently, to cure the defective showing as to the evidence, appellant filed an amendment to his abstract, which consists simply of a skeleton bill of exceptions signed by the trial judge. This in no way tends to show what the abstract contains. The question is not that the bill of exceptions is not sufficient, but what part of it appears in the abstract. On the last page of the amendment to the abstract is a certificate of the clerk of the court, that the printed abstract made by the appellant contains an abstract of all the evidence introduced in the cause as shown by the transcript of the evidence as made by the official shorthand reporter, which was on file in his office. The clerk of the court has no more concern with the abstract or its contents than any other third party. There is a presumption that an attorney who prepares an abstract knows or is competent to state, with *prima facie* effect, whether it is one of all the evidence in a case, and, where undenied, such statement is accepted as true. Clerks of courts are not, presumably, of like qualifications. An abstract of evidence is not all the evidence, but an abridgement or summarized statement of it in a way to present the essential part or the substance of it. It will not do to say that any person, in no way connected with the case, can make this statement, and bind parties to it. The clerk of the district court has no more to do with an abstract than any other third party. It is not a

paper in any way pertaining to his office, nor one to the sufficiency of which he is authorized to certify, and hence his statement is of no greater significance than that of any other person. It is doubtful if this certificate could properly be regarded as a part of the abstract, as it appears disconnected from the rest. But, however that may be, it is entitled to no legal significance. It only needed the statement of counsel preparing the abstract that it was one of all the evidence, to render it sufficient, if not denied. The certificate contains no recitals showing knowledge of the facts stated, nor does it definitely refer to the abstract filed in the court. The assignment presents only the question of the correctness of the ruling holding the proceeds of the certificate exempt from execution. The facts, as shown by the evidence, are essential for the consideration of that question. It does not appear but that evidence important to show such facts are omitted from the record. The judgment is AFFIRMED.